WILLAMETTE FALLS TRANSPORTATION AND MILLING COMPANY, Plaintiffs in Error, *v.* THOMAS V. SMITH, Defendant in Error.

*Error to Clackamas.*

A complaint to enforce a mechanic's lien must state *where*, and *when*, the labor was performed.

*Pratt & Campbell*, for plaintiffs in error.

*A. Holbrook*, for defendant in error.

WILLIAMS, C. J.   This suit was brought to enforce a mechanic's lien, and judgment by default, obtained in the court below ; which judgment, it is now said by plaintiff in error, ought to be reversed, because the complaint does not show at what time the labor was performed, or materials furnished, for which a lien is claimed.

With reference to this point, the complaint says : " that defendants in the court below employed plaintiff to furnish materials, labor, &c., for their buildings ;" and then states, " that there is now due the said plaintiff for the same the following sums, to wit, the sum of four hundred and eighty-four dollars and seventy-two cents, as per bill rendered, and interest thereon at the rate of two and a half per centum per month, from the 14th of August, A. D. 1854, as per agreement with C. C. Baker, agent of said defendants ; and the additional sum of two hundred and seventy-eight dollars and ninety cents, balance of account accrued since the above, as per schedule hereto annexed."

Subjoined to the complaint is an account, as follows :

" *Oregon City, October 27th*, 1854.
" Willamette Falls Co.
" To Thomas V. Smith, Dr.
" Aug. 17th. To 11½ lbs. cast steel,                    $4 31."

And so on, with various items, running through the months of August and September.

Now it is utterly impossible to tell from the complaint when or in what year the account, amounting to the first-named sum of four hundred and eighty-four dollars and seventy-two cents, accrued, or even to make a plausible conjecture upon the subject. Plaintiff below does not state when he was employed, gives no bill of particulars, or copy of the account rendered, and makes no allusion to dates in connection with the sum first named, other than to state that the said sum was to draw interest from the 14th of August, 1854, as per agreement with Baker; but nothing can be inferred from this statement except that there was an indebtedness existing at that time.

Relative to the two hundred and seventy-eight dollars and ninety-eight cents, the complaint is quite as defective, for while the information is given as to the months, in which the demand was created, imagination is left to fix the year. Plaintiff below contends that, because the statement of the account annexed to his complaint is dated Oct. 27th, 1854, it must be presumed that the account accrued in the August and September of that year; but it may have accrued in the August and September of 1853; and it is idle to pretend that the mere drawing off of an account indicates any thing as to the time when such account originated. This suit was commenced on the 23d of February, 1855; and if the materials mentioned in the complaint were furnished in 1853, then this action cannot be maintained, for the statute in force at that time (*Gen. Laws of Oregon, page* 168,) requires the suit to enforce the lien to be brought within one year from the time the materials are furnished. Where materials are furnished, or work done, since May 1st, 1854, a suit to enforce a lien therefor may be brought within one year from the completion of the building; and if we could find from the complaint that such were the facts of this case, the objection of plaintiffs in error would be overruled.

Again, it is indispensably necessary for the court to be

informed and know whether the materials were furnished in 1853 or in 1854, for if, in the first-named year, the defendants below are entitled to judgment that the property which the lien holds shall be sold on a credit not exceeding six months; but if said materials were furnished in 1854, then plaintiff must have judgment for an absolute sale.

We cannot determine, from the record before us, whether the plaintiff is entitled to recover or not; or, in case of a recovery, whether the judgment should be for a sale upon credit or otherwise; and, for these reasons, the judgment of the court below must be reversed.

Judgment for reversal.